[Civ. No. 3322. First Appellate District, Division One.—June 3, 1920.]

FRED G. GASCHLIN, Appellant, v. CELSO T. SIERRA, Individually and as Executor, etc., Respondent.

[1] NONSUIT—CONSIDERATION OF EVIDENCE—PROVINCE OF TRIAL COURT. Upon a motion for nonsuit, while every fair intendment that can be drawn from the testimony offered in support of the plaintiff's case is to be indulged in by the trial court in his favor, this does not mean that the trial court, in passing upon such motion, must surrender its right to estimate the weight and sufficiency of the evidence taken as a whole, or to determine whether, giving to such evidence such fair and reasonable intendment, it is sufficient to support the plaintiff's case.

[2] QUIETING TITLE—DELIVERY OF DEED—EVIDENCE—NONSUIT.—In this action to quiet title to certain real property which plaintiff claimed under a deed executed by defendant's decedent and placed in the latter's safe deposit, but which could not be found after his death, the court properly granted a motion for nonsuit at the close of plaintiff's case upon the ground that the deed had never been delivered to plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

August L. Fourtner for Appellant.

William T. Satterwhite and J. E. Harper for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant in person and as executor of the will of Karl Theodore Schuppert, deceased, in an action by the plaintiff to quiet title to a certain piece of real estate against said defendant and said estate. The court granted a motion for nonsuit at the close of the plaintiff's case, basing its action in doing so upon its conclusion from the plaintiff's testimony that the deed from said Karl Theodore Schuppert to the plaintiff, on which he relied to establish his ownership of said property, had never been delivered to him.

The facts of the case, as shown by the plaintiff's testimony, may be briefly summarized as follows: Karl T. Schuppert had for some years prior to December 6, 1911, been and on that date was the owner of a house and lot on Waller Street, in San Francisco. He and the plaintiff had been on friendly terms for a number of years, and the latter had done for the former, who was the older man, many little kindnesses. On the sixth day of December, 1911, Karl T. Schuppert, taking the plaintiff with him, went to the office of a scrivener and there caused a grant, bargain, and sale deed of said premises to be made to the plaintiff as the grantee thereof, which deed, when drawn, he signed and acknowledged before a notary public. When this had been done Schuppert, taking the deed, went with the plaintiff to the offices of the Merchants National Safe Deposit Company, where Schuppert had a safe-deposit box. When they arrived there Schuppert sat down and, taking the deed from his pocket, handed it to the plaintiff, saying, "This is what the old man has done for you. This is yours." The plaintiff read the deed through and handed it back to Schuppert, who placed it in his safe-deposit box. Schuppert then caused the plaintiff to be entitled to access to the box, and he received a key to it. At some time during this episode Schuppert asked the plaintiff to give him ten dollars, which he did, and in this connection it may be noted that the consideration named in the conveyance was ten dollars. The

parties then left the safe-deposit vaults and went to the premises on Waller Street, where the plaintiff was residing, and when they arrived there Schuppert said to him: ''Fred, remember what I tell you. When I am gone, when I am passed out, take that deed and have it recorded.'' Thereafter and up to the time of his death Schuppert remained in the full possession and control of the premises in question, collecting or causing to be collected its rents and applying the same to his own uses. The plaintiff never saw the deed again except upon one occasion, in the month of October, 1913, when Schuppert being ill and in bed, requested the plaintiff to go to the safe-deposit vaults and get the deed and bring it to him. This the plaintiff did and left the deed with Schuppert. A few days later at the latter's request he took the deed again to the safe-deposit vaults and left it there. On June 14, 1917, Schuppert died, and the defendant Celso T. Sierra was appointed executor of his last will and testament. When the safe-deposit box was opened after the death of Schuppert it was found to be empty, and there is evidence to the effect that at some time between October, 1915, and the date of Schuppert's death he had sent for and destroyed the deed; at any rate, it was never found nor produced at the trial of the action.

The trial court held these facts insufficient to show a delivery of said deed; and the only question before this court is as to whether the trial court was in error in so ruling upon the motion for nonsuit.

[1] It is conceded by the parties hereto that upon a motion for nonsuit every fair intendment that can be drawn from the testimony offered in support of the plaintiff's case is to be indulged in by the trial court in his favor. This does not mean, however, that the trial court, in passing upon a motion for nonsuit, must surrender its right to estimate the weight and sufficiency of the evidence taken as a whole, or to determine whether, giving to such evidence such fa and reasonable intendment, it is sufficient to support the plaintiff's case. [2] Putting ourselves in the position of the trial judge in this respect, we are unable to arrive at the conclusion that the plaintiff had sufficiently shown a delivery of the deed in question to him with the intent on the part of its grantor to presently convey title to the premises in question. It is true that the grantor had of his own

motion caused the deed to be signed and acknowledged by himself, and that he had asked the defendant to give him ten dollars, the consideration named in the deed, which the defendant had done; but these facts would be insufficient to show a transaction between the parties for the purchase and sale of the premises coincident with the preparation, signing, and acknowledgment of the deed. It is also true that when the parties arrived at the safe-deposit vaults the grantor handed to the grantee the deed in question, saying, "This is what the old man has done for you. This is yours"; but evidently the grantor's intent at the time was merely to show the plaintiff the deed as evincing the former's desire and purpose that the plaintiff should at some later time come into the ownership and enjoyment of the property described therein. Evidently also the plaintiff himself so understood Schuppert's action, since after reading the deed he handed it back to him, and never thereafter until the death of the grantor attempted either to possess himself of said deed or to exercise any acts of ownership or control over the premises. Further light is shed upon this particular episode by the words of the grantor when, upon arriving at his home upon the premises, he said to the plaintiff, "Fred, remember what I tell you. When I am gone, when I am passed out, take that deed and have it recorded." We think it is plain upon the face of this transaction, taken as a whole, that it was the intention of the grantor not to invest the grantee in said deed with the present title and ownership in the premises described therein, but rather to invest the grantee named in said deed with the right to its possession and to the ownership of said premises after the grantor's death, or, in other words, to make a testamentary disposition of the property. A strong light is shed upon this intent by the subsequent action of the grantor in instructing the grantee to go to the safe-deposit vaults and get the deed and bring it to him at his home where he was lying ill, and in again a few days later instructing the grantee to return said deed to its place of deposit. The action of both parties upon this occasion indicates clearly that it was not understood by either of them that the grantor in said deed had so far surrendered possession and control over it to the grantee named therein as to constitute

such a delivery thereof as would suffice to pass the title to the property.

Upon the trial of the cause, and while testifying in his own behalf, the plaintiff himself made this statement: ''I was to assume possession of the property, to have the benefit of it, when he died, and from that time on I claimed the ownership of it.'' This statement on the part of the plaintiff is wholly inconsistent with the idea that it was understood by the parties to the conveyance that their acts at the time of the making of said deed and of its deposit in the safe-deposit vaults amounted to such a delivery of the instrument as would invest the grantee with the present title to the premises described therein. We are of the opinion, therefore, that the trial court was not in error in granting the defendant's motion for nonsuit at the close of the plaintiff's case. This being so, the judgment is affirmed.

Waste, P. J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 2, 1920.

All the Justices concurred, except Sloane, J., who was absent.